### No. 506

### FRANCK v. SEAVEY MFG. CO.

No. 19750.   Supreme Court

On motion to certify.  Dock. April 5, 1926.

297.  CONTRACTS—What constitutes a breach of an agreement to grant an exclusive agency for the sale of a manufactured product?

This suit was originally brought in the Lucas Common Pleas by Julian L. Franck, to recover from Seavey Mfg. Co. damages growing out of failure of company to perform an option given by it to Franck to enter into an agreement whereby the company agreed to sell Franck 10,000 Electric cleaners.

On Jan. 7, 1920, Franck wrote the company concerning a distributorship for New York. The company then wrote Franck enclosing in this letter a paper termed "Exclusive Distributor's Agreement."

On Feb. 11, 1920, Franck wired the company as follows: "Express three samples at once. Will decide distribution proposition immediately upon their receipt."

This order was duly accepted by the company.  On the 16th of February, 1920, the company wrote to Franck stating they had shipped the cleaners and urging him to close within next ten days.

The receipt by the plaintiff of these samples was delayed by the embargo and they were not delivered to him until February 27, 1920, or the day after the original option had expired.

On the 27th of February, 1920 Franck wired the company as follows:

"Samples received.  Ready to close with a few minor changes in contract.  Letter following explaining these.  Enter binding order one hundred immediate shipment."

On February 28, 1920, Franck wired the company as follows:  "Signed contract without changes mailed.  My option does not expire until March 3rd.  Refer to Benett's letter Feb. 18th."

On the same date, the company wired Franck as follows: "Owing to your delay in reaching decision 60 day option has been given other parties Stop.  Will be glad to give you first opportunity if this deal does not materialize.  Stop.  Delay in answering due to Mr. Benett's absence."

At the close of the evidence introduced by Franck, the trial court directed a verdict in favor of the Company, holding:

1.  That there could be no contract between the parties unless and until the exclusive distributor's agreement was signed by an executive officer of the company.

2.  That Franck could not maintain a suit on the option granted him by the company because he had, prior to acceptance thereof, made a counter offer which amounted to a rejection of the option, which judgment was affirmed by the appeals.

Franck, in the Supreme Court, contends:

1.  The ten day option granted him by the company on Feb. 16th. was extended by the company until March 3, 1920, and said extension was supported by a sufficient consideration.

2.  Even assuming for the purpose of ar-

gument that there was no consideration to support an extension of the option, it constituted a continuing offer and was accepted by him before receipt of the company's repudiation, and therefore a binding contract was consummated.

3. It was not necessary in order for the option of the company and acceptance thereof by himself to constitute a binding contract, that the exclusive distributor's agreement be signed by an executive officer of the company.

4. Franck's telegram and letter of Feb. 27th, did not constitute a counter offer which rejected the option granted him by the company.

**Attorneys**—Ritter & Brumbach for Franck; Tracy, Chapman & Welles for Company; all of Toledo.